AYRES, Judge.
John and Mary Ziifle, husband and wife, brought this action to recover damages for injuries sustained by Mrs. Ziifle and the cost of repairs to the plaintiffs’ automobile occasioned by a vehicular accident which occurred on March 17, 1970, in Shreveport, Louisiana. Named as defendants were Kenneth Andrew Sundee, Pel-State Oil Company, Inc., his employer, and Allstate Insurance Company, their insurer. Defendants admitted liability. Trial was had before a jury which returned a verdict in favor of plaintiffs and *123 against defendants in solido in the amount of $1,734.00. A judgment was accordingly rendered and signed. Plaintiffs appealed from this judgment.
The only issue before this court is whether the amount of damages awarded was inadequate and constituted an abuse of the jury’s discretion.
Defendants admit that plaintiffs are entitled to recover $100.00, the deductible applicable . to the plaintiffs’ policy of collision insurance in effect at the timé of the accident. The evidence disclosed that fees for medical services directly related to the accident total $97.00.- The primary controversy concerns plaintiffs’ contention that a pre-existing diabetic condition was aggravated by the accident and how much should-be awarded for the injuries received by Mrs. Ziifle.
Mrs. Ziifle testified that during the night following the accident she began having pains and spasms in her low back. She saw Dr. Fred L. Price, a general surgeon and her family physician, on March 18, 1970.
Dr. Price diagnosed her injury as a moderate, acute lumbosacral strain which he attributed to the accident. He was able to observe muscle spasms on both sides of her lower back extending unto her buttocks. He prescribed bed rest, diathermy, muscle relaxants, and painkillers. He saw her again on March 20, 1970, and continued the same treatment. On March 23 and 28, 1970, he treated her for uterine bleeding which he did not attribute to the accident. On the latter date, he found her to be relatively asymptomatic and was of the opinion that she had made a reasonable recovery and could return to work as a cashier.
The evidence established that Dr. Arthur A. Herold, Jr., a specialist in internal medicine with a sub-specialty in diabetes, had been treating Mrs. Ziifle for a diabetic condition since July, 1968. From the discovery of the condition until after the accident. Mrs. Ziifle’s diabetes had been controlled with the drug Tolinase, an oral medication.
Plaintiff testified that as a part of the treatment for diabetes she had required to perform a daily urinalysis, and, after the accident, she noted an increase in her blood sugar. She visited Dr. Herold on March 25, 1970, eight days after the accident. Dr. Herold was of the opinion that her diabetes was fairly under control. On March 30, 1970, Dr. Herold found that her diabetes was no longer being controlled by the oral medication, and he placed her on insulin injections.
Dr. Herold, an eminently qualified specialist, testified his professional opinion was that the nervousness and agitation following the accident were sufficient to aggravate Mrs. Ziifle’s diabetic condition and necessitate a change from oral drugs to insulin injections.
Defendants contend that Dr. Herold’s opinion as to the cause of the aggravation of Mrs. Ziifle’s diabetes is not valid because he had an incomplete medical history, particularly with regard to her uterine bleeding which could have caused her nervousness; because his opinion was based on his belief that Mrs. Ziifle was following the prescribed regime of oral medication, whereas she was actually taking less; and because he assumed she had lost weight following the accident when, in fact, she had not. We are unimpressed by these contentions in the face of Dr. Herold’s uncontroverted testimony that Mrs. Ziifle’s nervousness following the accident aggravated her diabetes and necessitated the changing of her medication from oral drugs to insulin injections.
Defendants assert it has not been shown that whatever effect the accident and the subsequent nervousness had on Mrs. Ziifle’s diabetes is permanent. Dr. Herold testified he had not attempted to return Mrs. Ziifle to oral medication and that after a diabetic has used insulin injections for a period of time the chances of again using oral medication decrease. He was *124 of the opinion that Mrs. Ziifle’s diabetes was better controlled by insulin than by oral medication; however, the oral medication had achieved satisfactory control prior to the accident.
Our conclusion is that the nervous agitation accompanying the accident aggravated Mrs. Ziifle’s diabetes and necessitated her use of insulin injections to control the diabetes. We also find that Mrs. Ziifle suffered a moderate lumbosacral strain which caused her discomfort for about eleven days after the accident.
Plaintiffs contend on appeal that the amount of $1,734.00 awarded as damages is inadequate and constitutes an abuse of the jury’s discretion.
Dr. Herold testified that since Mrs. Ziifle has been receiving insulin treatment she must give herself an injection each morning. Mrs. Ziifle testified as to her apprehension about facing this task every morning and about the possibility of suffering insulin shock. Dr. Herold’s testimony showed that her fears concerning insulin shock were not ill-founded. The testimony established that she must now eat her meals on a rigid schedule no matter how this affects the eating habits of the other members of her family. She and her husband testified that their family and social life had been disrupted to some extent by this highly regimented schedule of eating. Another unpleasant aggravation resulting from the use of insulin injections is that Mrs. Ziifle must now perform three urine tests daily as opposed to only one while she was taking oral medication.
We are aware of the provisions of LSA-C.C. Art. 1934 in which “much discretion” is accorded a jury in the assessment of damages; however, that same article requires that the damages awarded must fully indemnify the injured party. In the instant case, we find that the amount awarded is inadequate and is an abuse of the jury’s discretion. An award of $3,500.00 for the aggravation of the pre-existing diabetic condition and the back injuries sustained by Mrs. Ziifle will probably do justice among the parties. In addition to this, plaintiffs are entitled to recover $100.00 expended for the repair of their automobile as well as $97.00 expended for medical services directly connected with the injuries sustained by Mrs. Ziifle in the accident.
For the reasons assigned above, the judgment is amended to increase the amount of the award to $3,697.00, and, as amended, it is affirmed. ^ Costs are assessed to defendants.
Amended'and affirmed.